# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1885V
Filed: July 29, 2024

|  |  |
|---|---|
| JEFFREY COOPER,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Special Master Horner |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for petitioner.
*Parisa Tabassian, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION AWARDING DAMAGES[1]

      On December 7, 2018, petitioner, Jeffrey Cooper, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (the "Vaccine Act").[2]  Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as a result of his June 29, 2017 pneumococcal conjugate vaccination.  (ECF No. 1.)

      On March 12, 2024, a ruling on entitlement was issued, finding petitioner entitled to compensation for GBS.  On July 29, 2024, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $175,000.00 in pain and suffering, and $5,834.83 in past unreimbursable expenses, for a total award of $180,834.82.  (ECF No. 101.)  In the Proffer, respondent represented that petitioner agrees with the proffered award.  (*Id.*)  Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $180,834.82 (representing $175,000.00 in compensation for pain and suffering and $5,834.83 in compensation for past unreimbursable expenses) in the form of a check payable to petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u><br>
Daniel T. Horner<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JEFFREY COOPER,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | No. 18-1885V<br>Special Master Daniel T. Horner<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 7, 2018, Jeffrey Cooper ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, *as amended*, 42 U.S.C. §§ 300aa-1 *et seq*. ("Vaccine Act"), alleging that as a result of receiving the pneumococcal 13-valent conjugate vaccine on June 29, 2017, he suffered Guillain Barré Syndrome. ECF No. 1. On December 20, 2019, respondent filed his Rule 4(c) Report recommending against compensation because petitioner had neither established a Table[1] nor a causation-in-fact claim. ECF No. 30.

An entitlement hearing was held on January 18, 2023. On March 12, 2024, the Court issued a Ruling on Entitlement finding that petitioner is entitled to compensation.[2] ECF No. 91. Respondent now files this proffer regarding the amount of damages to be awarded.

---

[1] The Vaccine Injury Table is located at 42 U.S.C. § 300aa-14 and 42 C.F.R. § 100.3.

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's March 12, 2024, entitlement decision.

1

I.   **Items of Compensation**

Respondent proffers that petitioner should be awarded $175,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $5,834.82.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.   **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following[3]: a lump sum payment of $180,834.82, in the form of a check payable to petitioner.

III.   **Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Jeffrey Cooper:                              **$180,834.82**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings, and future pain and suffering.

        HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

JULIA M. COLLISON
Assistant Director
Torts Branch, Civil Division

*s/ PARISA TABASSIAN*
PARISA TABASSIAN
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 305-4035
Parisa.Tabassian@usdoj.gov

Dated: July 29, 2024

3