Corrected

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 18-1885V
Filed: September 22, 2025

---

JEFFREY COOPER,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Special Master Horner

---

*Ronald Craig Homer,* Conway, Homer, P.C., Boston, MA, for petitioner.
*Parisa Tabassian,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 7, 2018, Jeffrey Cooper filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain-Barré syndrome ("GBS") as a result of his June 29, 2017 pneumococcal conjugate vaccination. Petition at 1. On July 29, 2024, Respondent filed a proffer, which I adopted as my decision awarding compensation on the same day. (ECF No. 102.)

On February 23, 2021, petitioner filed a Motion requesting $56,591.67 in interim attorney's fees and costs. (ECF No. 49.) Petitioner's motion was granted, and he was awarded $55,972.87 in interim attorneys' fees and costs. (ECF No. 52.)

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On January 24, 2025, petitioner filed a motion for attorneys' fees and costs. (ECF No. 108.) ("Fees App.") Petitioner requests attorneys' fees in the amount of $77,262.20 and attorneys' costs in the amount of $15,542.36. Fees App. at 2. Pursuant to General Order No. 9, petitioner has indicated that he has not personally incurred any costs in pursuit of this litigation. *Id.* Thus, the total amount requested is $92,804.56. On January 24, 2025, respondent filed a response to petitioner's motion. (ECF No. 109.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 4. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.    Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86

Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

Petitioner requests the following rates of compensation for his attorneys: for Mr. Ronald Homer, $447.00 per hour for work performed in 2021, $475.00 per hour for work performed in 2022, $500.00 per hour for work performed in 2023, and $525.00 per hour for work performed in 2024 and 2025; for Ms. Meredith Daniels, $350.00 per hour for work performed in 2021, $410.00 per hour for work performed in 2022, $455.00 per hour for work performed in 2023, and $485.00 per hour for work performed in 2024; for Ms. Christina Ciampolilo, $425.00 per hour for work performed in 2022, and $470.00 per hour for work performed in 2023; for Mr. Joseph Pepper, $485.00 per hour for work performed in 2024; for Ms. Lauren Faga, $385.00 per hour for work performed on 2022; for Mr. Nathaniel Enos, $280.00 per hour for work performed in 2022, $320.00 per hour for work performed in 2023, and $360.00 per hour for work performed in 2024; and for Mr. Patrick Kelly, $225.00 per hour for work performed in 2021, and $345.00 per hour for work performed in 2024. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

### b. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

After reviewing the billing records, I find that the entries contained duplicative billing due to attorneys and paralegals attending the same case meetings and a duplicate review of attorney work.[3] This firm has seen fee reductions in prior cases for similar duplicative

---

[3] There were several instances where Conway Homer staff billed for attending case meetings, including on March 23, 2021, July 29, 2021, October 29, 2021, September 8, 2022, September 29, 2022, October 6, 2022, December 7, 2022, December 15, 2022, January 11, 2023, January 17, 2023, April 16, 2024, April

entries. *See Harris v. Sec'y of Health & Human Servs.*, No. 18-944V, 2024 WL 4043705 (Fed. Cl. Spec. Mstr. June 28, 2024); *Cooper v. Sec'y of Health & Human Servs.*, No. 18-1885V, 2021 WL 1603672 (Fed. Cl. Spec. Mstr. Mar. 29, 2021); *McGuinness v. Sec'y of Health & Human Servs.*, No. 17-954V, 2020 WL 4814260 (Fed. Cl. Spec. Mstr. July 24, 2020). Since Meredith Daniels is the lead attorney in this case, handling the majority work, for duplicative and excessive entries, only hours billed by Ms. Daniels are awarded. These duplicative billing entries result in a reduction of **$798.00**.

Additionally, counsel billed approximately 15.7 hours for administrative tasks, which are not compensable under the Vaccine Program.[4] It is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program.  *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human. Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018). *See, e.g.*, *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015); *Paul v. Sec'y of Health & Human Servs.*, No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); *see also Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989). This results in a reduction of **$2,760.00**.

Accordingly, counsel is entitled to an attorneys' fees award of $73,704.20.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $15,542.36 in attorneys' costs comprised of acquisition of medical records, postage, copies, medical literature, the hearing transcript, costs associated with travel to the hearing including airfare, hotel, meals, rental car, gas, and Uber, and expert services provided by Norman Latov, M.D., at an hourly rate of $500.00 for 23.5 hours totaling $11,750.00. *See* Fees App. Tab A at 44-48; *see also* Tab B. These costs have been supported with the necessary documentation and are reasonable. Petitioner is therefore awarded the full amount of costs sought.

---

24, 2024, and May 10, 2024. Fees App. Tab A at 9, 18, 19, 22-24, 30, 32, 38-40. There were also multiple instances of duplicative review/edits of attorney work, including on January 11, 2021, May 13, 2021, July 12, 2021, January 22, 2024, May 1, 2024, and May 15, 2024. Fees App. Tab A at 3, 9, 10, 46, 48-49.

[4] For example, a non-exhaustive list of these entries includes: "draft NOFs x 2 for filing exhibits 56 to 67 (expert report and med lit), prep exhibits electronic filing, draft updated exhibit list. filed pleadings and exhibits electronically. copies of all docs saved to case file." on August 5, 2022; "began prep for case materials (electronic) on file drive for attorney and expert, incorporating all petitioner and respondent's filings" on December 6, 2022; "research re hotels with conf capabilities in Camden, SC, research and PCs with several hotels, nothing available with conf room." On December 21, 2022. *See* Fees App. Ex. A at 7, 22, 26. There were several other instances where Conway Homer staff billed for administrative tasks, including on April 29, 2021, December 6, 2022, December 7, 2022, December 9, 2022, December 12, 2022, December 20, 2022, December 21, 2022, December 22, 2022, January 12, 2023, and May 10, 2024. Fees App. Tab A at 9, 18, 19, 22-24, 30, 32, 38-40. There were also multiple instances of duplicative review of attorney work, including on January 11, 2021, May 13, 2021, July 12, 2021, January 22, 2024, May 10, 2024. *See id.* at 3, 7, 22, 23, 25, 26, 30, 39.

## II.  Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and his counsel as follows: **a lump sum in the amount of $89,246.56, representing reimbursement for petitioner's attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).